IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-01531-REB-BNB

PHILIP EDWARD STETZEL,

Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondent.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** (the "Application"), filed by Philip Edward Stetzel (the "petitioner") on October 26, 2004. The respondent filed an Answer to Application for Writ of Habeas Corpus (the "Answer") on December 27, 2004. Pursuant to my Order dated October 11, 2005, the respondent filed supplementary exhibits on October 13, 2005 (the "Supplement"). The petitioner filed a Reply to Answer Brief for Writ of Habeas Corpus on May 9, 2005. For the following reasons, I respectfully RECOMMEND that the Application be DENIED.

**I. THE LAW**

This Court may review the petitioner's application for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application cannot be granted unless it appears that the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b)(1).

If a petitioner exhausts his available state remedies, his application may be granted only if the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Generally, if a petitioner fails to exhaust available state remedies, a federal court should dismiss the application without prejudice so that the state remedies may be pursued. Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). The federal court, however, should first consider whether the petitioner would be able to raise the unexhausted claims in the state court. Id.

If the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the petitioner's claims are procedurally defaulted for purposes of federal habeas corpus relief. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). The federal court may not consider issues raised in a habeas corpus petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law or can demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. 722, 750 (1991). The determination of cause, prejudice, and fundamental miscarriage of justice are matters of federal law. Demarest, 130 F.3d at 941.

## II. BACKGROUND

The background facts of this case are stated by the Colorado Court of Appeals as follows:

> Defendant, Phillip Edward Stetzel, appeals the trial court order denying his Crim. P. 32(d) motion to withdraw his guilty plea. We affirm.

> In exchange for the dismissal of other counts, defendant pleaded guilty to sexual assault on a child, a class four felony, and sexual assault on a child as a pattern of abuse, a class three felony. Defendant signed a written Crim. P. 11 advisement, and his plea counsel signed a certification that stated in part that defendant was acting knowingly, intelligently and voluntarily, and "At this time I do not see signs which would lead me to conclude the defendant is incompetent to proceed."
>
> At the providency hearing, the court confirmed with defendant that he understood his rights and the sentencing consequences of his plea. The court also confirmed that defendant was not under the influence of any substances and that he was thinking clearly.
>
> Prior to sentencing, defendant wrote a letter to the court, in which he indicated that he wanted to withdraw his guilty plea because of his alleged untreated clinical depression. He also expressed dissatisfaction with his plea counsel.
>
> The trial court appointed new defense counsel, who filed a written motion to withdraw the guilty plea. In the motion, defendant contended that his plea was not knowing and voluntary because of his clinical depression and lack of medication. He also indicated that, although he had not received any medication or treatment for his depression, he had "regained his clear thinking" and wanted to reject the plea agreement.
>
> The trial court held a hearing on the motion, at which it heard testimony from defendant, his plea counsel, and the mental health professional at the county jail where defendant was being held. At the conclusion of the hearing, the court denied defendant's request to withdraw his plea.

*Answer*, Appendix C, pp. 1-2.

The appellate court affirmed the trial court's denial of the petitioner's motion to withdraw his guilty plea. Id. at p. 5. The Colorado Supreme Court denied certiorari review on February 17, 2004. Id. at Appendix F. The petitioner now seeks habeas corpus relief.

### III.  ANALYSIS

### A.  Claim One

Claim One alleges that the petitioner's guilty plea was involuntary because (1) the District Attorney coerced his guilty plea by threatening to file habitual criminal charges if the petitioner did not plead guilty, and (2) the petitioner was suffering from untreated depression at the time of his plea.  *Application*, p.  5.

#### 1.  Coercion by the District Attorney

The petitioner did not present to the state courts his claim that his guilty plea was involuntary because the District Attorney threatened to file habitual criminal charges if he did not plead guilty.  *Answer*, Appendix A; Appendix C; Appendix E.  Therefore, this portion of Claim One is not exhausted.  When a petitioner fails to exhaust available state remedies, the federal court must determine whether the petitioner would be able to raise the claim in the state court. Demarest, 130 F.3d at 939.  If the claim would be procedurally barred in the state court, the claim is procedurally defaulted for purposes of habeas relief.  Coleman, 501 U.S. at 735 n.1.

This claim is procedurally barred from state court consideration because a determination of an issue on direct appeal precludes review of that same issue on a motion for post-conviction relief.  Colo. R. Crim. P. 35(c)(3)(VII); DePineda v. Price, 915 P.2d 1278, 1281 (Colo. 1996). Because the petitioner presented a claim for involuntary guilty plea on direct appeal (asserting that he was suffering from untreated depression), he is prohibited from asserting it again (asserting coercion by the District Attorney).

I may not consider issues raised in a habeas petition that have been defaulted in state court on an independent and adequate procedural ground unless the petitioner can either (1) show cause for the default and actual prejudice as a result of the alleged violation of federal law, or

(2) demonstrate that a failure of this court to consider the claims will result in a fundamental miscarriage of justice. English v. Cody, 146 F.3d 1257, 1259 (10th Cir.1998) (citing Coleman, 501 U.S. at 749-50); Steele v. Young, 11 F.3d 1518, 1521 (10th Cir.1993). The petitioner has not argued cause and prejudice or fundamental miscarriage of justice. Consequently, this claim is not proper for consideration on an application for writ of habeas corpus.

### 2. Untreated Depression

The petitioner exhausted the portion of Claim One which alleges that his guilty plea was involuntary because he was suffering from untreated depression at the time of his plea. *Answer*, Appendix A; Appendix D; Appendix E. Therefore, the Application can be granted only if the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

The applicable federal law on this issue is clearly established. A federal court on habeas corpus review "may set aside a state court guilty plea only for failure to satisfy due process." Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir. 1996).

> In order to comport with due process guarantees, a defendant must have voluntarily and intelligently entered a guilty plea. The plea must be knowing and the product of a deliberate, intelligent choice. Furthermore, the defendant must have "a full understanding of what the plea connotes and of its consequences." We will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and the defendant voluntarily chose to plead guilty.

Id. (citations and quotations omitted).

The state appellate court determined that the petitioner's guilty plea was knowing,

voluntary, and intelligent as follows:

> A court may accept a guilty plea only if the defendant completely understands the consequences of the plea and only if the guilty plea represents a free and rational choice.
>
> Here, defendant executed a written Crim. P. 11 advisement form that plainly set forth the terms of the plea agreement and the rights he was surrendering by entering the plea. The trial court gave defendant a complete Crim. P. 11 advisement at the time he entered his plea. The court specifically confirmed that defendant was not under the influence of any substances and that he was thinking clearly.
>
> The trial court considered this argument in support of defendant's motion to withdraw his plea and determined that is lacked merit. In reaching this conclusion, the court necessarily determined that defendant's assertions were not credible.
>
> Therefore, we agree with the trial court that defendant has failed to establish that his guilty plea was not knowing, voluntary, and intelligent.

*Answer*, Appendix D, pp. 4-5 (internal citations omitted).

The appellate court's resolution of the exhausted portion of this claim was not contrary to established federal law, nor did it result in an unreasonable determination of the facts presented in the state court proceeding. Factual determinations made by the state court are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The petitioner does not attempt to rebut any factual determinations made by the state court. Therefore, I find no basis upon which to grant the petitioner's Application with regard to the exhausted portion of this claim. 28 U.S.C. § 2254(d).

## B.   Claim Two

Claim Two alleges that the petitioner's plea counsel was ineffective because he allowed the petitioner to plead guilty. *Application*, p. 6. Specifically, Claim Two states that "Counsel <u>knew</u> at the time of the signing of the plea 'agreement', that the Defendant was NOT in agreement and was acting out of frustration and desperation and, therefore, should not have allowed the Defendant to proceed in signing." Id. (emphasis in original).

The petitioner did not present this claim to the state courts. *Answer*, Appendix A; Appendix C; Appendix E. Therefore, Claim Two is not exhausted. There appears to be no obstacle which would prevent the petitioner from raising this claim in the state court. The petitioner may assert a postconviction claim of ineffective assistance of counsel regardless of whether the claim could have been asserted on direct appeal. Colo. R. Crim. P. 35(c)(3)(VIII). The state statute of limitation allows the petitioner to assert his claim until February 25, 2007. C.R.S. § 16-5-402 (prohibiting collateral attacks on the validity of convictions for class 2 or lesser felonies more than three years after the date of conviction).[1]

When faced with an unexhausted claim, a court may dismiss the petition without prejudice to allow the petitioner to pursue his state remedies as to that claim, <u>Demarest</u>, 130 F.3d at 939, or the Court may deny the claim on its merits. 28 U.S.C. § 2254(b)(2). Because it is clear that Claim Two has no basis in fact or law, I recommend denial of Claim Two on the merits. <u>Hoxsie v. Kerby</u>, 108 F.3d 1239, 1242-43 (10th Cir. 1997) (stating that if the reviewing court is

---

[1] The three year statute of limitation commences upon the conclusion of the direct appeal. 28 U.S.C. § 2244(d)(1) (2000); <u>People v. Metcalf</u>, 979 P.2d 581 (Colo. App. 1999). Under Colorado law, the conclusion of the direct appeal is the date the mandate is issued. <u>People v. Clouse</u>, 74 P.3d 336, 339 (Colo. App. 2002). The mandate issued in the petitioner's case on February 25, 2004. *Supplement*, Exhibit 2. Therefore, the three year statute of limitation does not bar assertion of Claim Two until after February 25, 2007.

convinced that the habeas claim has no merit, application of the exhaustion rule would only result in useless state court litigation).

When reviewing a claim for ineffective assistance of counsel, the court starts with the presumption that counsel's conduct was constitutionally effective. Strickland v. Washington, 466 U.S. 668, 690 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. To prevail on a claim for ineffective assistance of counsel, the petitioner must show that (1) counsel's performance was deficient or, in other words, "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687-88, 694. The prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal quotations omitted).

Although counsel "must both consult with the defendant and obtain consent to the recommended course of action," counsel does not have the authority to allow or disallow a defendant to plead guilty. Florida v. Nixon, 125 S.Ct. 551, 560 (2004). The ultimate authority to enter a plea rests with the defendant. Id. Therefore, insofar as the petitioner claims that counsel was ineffective for allowing him to enter his plea, the claim fails under Nixon.

To the extent the petitioner is claiming that counsel's actions somehow rendered his plea involuntary, the state courts have determined that the guilty plea was knowing, voluntary, and intelligent. Moreover, the record unequivocally demonstrates that the petitioner's guilty plea was knowing, voluntary, and intelligent.

At the providency hearing, the petitioner was advised that his plea must be a voluntary decision on his part and that nobody can make him enter a plea. *Supplement*, Exhibit 3, pp. 9-10. The petitioner stated that nobody was pressuring him into pleading guilty. Id. at p. 10. He further stated that he was thinking clearly and was not under the influence of alcohol, drugs, or medications. Id. He signed a Request to Plead Guilty (Rule 11 Advisement) which states that (1) the decision to plead guilty was his own; (1) the decision was made freely and voluntarily; (3) no threats, coercion, undue influence, or force was used to make him plead guilty; (4) he knew he did not have to follow his attorney's advice; (5) he knew he did not have to plead guilty; (6) he fully discussed with his lawyer everything he knew about the case and all defenses available to him; and (7) he was satisfied with the advice and representation he received from his lawyer. Id. at Exhibit 1, ¶¶ 4, 7.

At the hearing on the petitioner's motion to withdraw his plea, the prison's mental health professional testified that she evaluated the petitioner on a daily basis and that she had seen nothing to indicate that he was depressed or that he did not understand what he was doing on the day he entered his plea. Id. at Exhibit 5, pp. 26, 32. Plea counsel testified that he thoroughly reviewed the plea agreement with the petitioner; that the petitioner understood the agreement; and that the plea was not coerced or involuntary. Id. at p. 54, 57. He further testified that if he had believed that the plea was not voluntary or knowing, he would not have gone forward with the plea. Id. at p. 62. The judge found that her own experience with the petitioner demonstrated that he was well aware of what was going on in his case, and that he was assertive with both the court and his lawyer. Id. at p. 69. The judge stated that "[i]ts very clear from the sequence of events leading to the plea agreement here that he understood every step of the way what was going into this plea agreement, which was somewhat unusual, including all the legal issues, which were

9

somewhat complex." Id.

For these reasons, and for the reasons set forth by the state courts, I find that the petitioner's guilty plea was voluntary, knowing, and intelligent. Under Nixon, plea counsel did not have the authority to prevent the petitioner from entering his voluntary guilty plea.

The petitioner has failed to show that plea counsel's representation fell below an objective standard of reasonableness and that, but for counsel's alleged errors, he would not have pleaded guilty. Accordingly, Claim Two fails on the merits.

### C.  Claim Three

Claim Three alleges that the trial court abused its discretion under Colorado statutory law when it denied the petitioner's motion to withdraw his guilty plea. Claim Three does not allege that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." Federal habeas relief is limited to alleged violations of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Thus, Claim Three is not appropriate for habeas review.

### IV.  CONCLUSION

For all of these reasons, I respectfully RECOMMEND that the petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections

to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 24, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge